## JOHN KENT *vs.* JOHN C. WILLEY.

In an action for taking the plaintiff's horse and wagon, and the contents of the wagon, an answer which alleges that the defendant, as an officer, found them in the act of transporting intoxicating liquors in violation of law, and detained them only so long as was legal and necessary, and in other respects denies all the allegations of the declaration, admits a *prima facie* case; and obliging the plaintiff to introduce further evidence is ground of exception, although the defendant afterwards introduces evidence in his own justification.

In an action against an officer for seizing, under *St.* 1855, *c.* 215, § 13, a horse and wagon as having been engaged in the transportation of intoxicating liquors, the defendant cannot introduce evidence, even by cross-examination of the plaintiff's witness, that the plaintiff was engaged in the sale of intoxicating liquors before that statute took effect.

In an action against an officer for seizing the plaintiff's horse and wagon under *St.* 1855, *c.* 215, § 13, on the ground that they were used in the transportation of intoxicating liquors, evidence that the defendant had reasonable cause to believe that they were so used is incompetent.

An officer who seizes property under *St.* 1855, *c.* 215, § 13, without a warrant, for being employed in the illegal transportation of intoxicating liquors, and does not procure a warrant within a reasonable time afterwards, is liable as a trespasser.

ACTION OF TORT for seizing and taking away the plaintiff's horse and wagon, and keeping them for a week, and taking and carrying away intoxicating liquors and other property of the plaintiff, in the wagon at the time.

Answer, " that the defendant, as a police officer and constable of the city of Cambridge, found the horse, wagon and servant of the plaintiff, with the other articles named in the declaration, in the act of selling, distributing, transporting and conveying intoxicating liquors in Cambridge in violation of law ; and that the defendant, in pursuance of his duty as such officer, took said liquors and implements of the illegal traffic, and detained them only so long as was legal and necessary for the purpose of enforcing the law and for no other purpose whatever. And the defendant denies each and every allegation of the plaintiff's declaration, except so far and under the circumstances above stated in this answer."

At the trial in the court of common pleas, before *Morris,* J., the plaintiff rested his case upon the declaration and answer, contending that a *prima facie* case was admitted by the pleadings and that it was for the defendant to prove his justification. But the judge ruled otherwise.

The plaintiff then, not waiving his right of exception, offered evidence that he kept a store in Boston, at which he loaded his wagon with the articles mentioned in the declaration, and that they were being conveyed from Boston through East Cambridge, when the defendant seized the horse and wagon and the con-tents of the wagon and arrested the plaintiff's servant.

On the cross-examination of the plaintiff's witness, the defendant was allowed to show that the business carried on at said store was an illegal traffic in intoxicating liquor, and had been for six years; although the plaintiff objected to this examination, and especially to so much of it as related to business done before the passage of the *St.* of 1855, *c.* 215.

The defendant claimed to have acted under the authority

conferred upon constables and police officers by the thirteenth section of that statute ; and was allowed, against the plaintiff's objection, to offer evidence that at various times before the trespass complained of the same horse and wagon had been used by the plaintiff's servants for the purpose of illegally transporting intoxicating liquors through East Cambridge.

The plaintiff introduced evidence tending to show that the liquors mentioned in the declaration were not intended for sale, nor illegally transported. The defendant offered to show that he had reasonable cause to believe that the liquors were illegally transported; and the judge, against the plaintiff's objection, admitted the evidence, and ruled that if the defendant had reasonable cause for this belief the plaintiff could not recover.

The defendant offered in evidence a warrant procured upon his complaint against the servant of the plaintiff, who had been arrested by the defendant at the time of the seizure. The plaintiff contended that the defendant could not justify under the *St.* of 1855, *c.* 215, § 13, without proving that within a reasonable time after the seizure he procured a warrant for the seizure of the liquors and implements of traffic, or showing some legal reason for not procuring such warrant. But the judge ruled that it was not the duty of the defendant, under this act, to procure such a warrant, and that he need not therefore show that a warrant was procured by him.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*N. St. J. Green,* for the plaintiff.

*B. F. Butler,* for the defendant. 1. The whole answer must be taken together; and the admission of the taking is qualified by a denial of the plaintiff's allegations, except under circumstances which would give no right of action. But this question became immaterial by the course of the trial, as the taking was fully proved, and the defendant put upon proof of his justification.

2. The justification of the defendant being that he took the plaintiff's property, while used in illegally carrying liquors, and only for the purpose of seizing the liquors ; he had a right to

have the grounds of his belief thereof, and all the circumstances upon which it was founded, laid before the jury, including the fact that the business of the plaintiff before the passage of the *St.* of 1855 was the selling of liquor, and that he continued the same business after it became illegal. The passage of the statute has no tendency to show what was the plaintiff's business.

Especially had the defendant a right to show, on cross-examination of the plaintiff's witness, what business was done before the passing of the statute, as the witness might have refused to answer concerning his business after its passage on the ground of criminating him. And by proving the business at one time by one witness, the defendant might be able to trace it by other witnesses down to the present time.

The fact, that to the defendant's knowledge the horse and wagon had been before used for like purposes in East Cambridge, was likewise admissible, as tending to establish the fact (which alone would justify the seizure) of reasonable proof of its present illegal use.

3. It being the duty of the defendant to seize the liquors, if he had reasonable cause to believe, or reasonable proof, he is justified under the instructions to the jury and their finding.

4. The defendant was not bound to show that he procured warrants against the liquors. If he did not do so, it would at most only tend to make him a trespasser *ab initio*, and facts tending to that must be shown by the plaintiff.

BIGELOW, J.* The court are of opinion that several of the rulings at the trial of this case were erroneous.

1. The answer, in effect, admitted property in the plaintiff and a taking by the defendant. This was a *prima facie* case for the plaintiff, and entitled him to a verdict, unless the defendant proved a justification. The alleged authority of the defendant as a police officer to seize the property in controversy, as set forth in the answer, was a defence in the nature of an avoidance

---

* This and the subsequent cases for this term were argued at Boston, in **February** 1859, before SHAW, C. J., DEWEY, METCALF, and BIGELOW, JJ.

of the plaintiff's claims for damages. It was a new and substantive allegation, the proof of which lay on the defendant. The court erred therefore in requiring the plaintiff to offer any evidence in support of his declaration. The whole issue in the case was on the justification set up in the answer, and it was incumbent on the defendant to go forward and establish his defence. 1 Greenl. Ev. §§ 625, 629.

2. It was not competent for the defendant to prove that the plaintiff, prior to the enactment of *St.* 1855, *c.* 215, and for several years previous, had been engaged in the illegal traffic in intoxicating spirits. Such evidence was wholly irrelevant, and had no logical or legal tendency to prove any matter in issue at the trial. The defendant was bound to show either that the liquors contained in the wagon were actually held for some illegal purpose, or that he was at the time of the seizure of the property able to obtain reasonable proof that the plaintiff or his servant was keeping or transporting the liquors in violation of the provisions of the statute. *Jones* v. *Root,* 6 Gray, 435. *Mason* v. *Lothrop,* 7 Gray, 354. But the questions put to the plaintiff, and which he was compelled to answer, were inadmissible to show either of these grounds of defence. Proof that a party has on one occasion committed an offence, is incompetent to prove that he subseqently committed a distinct offence of a similar nature, except in a few cases where guilty knowledge or intention is of the essence of the charge. Such evidence raises no inference that the party committed the offence in question. Rosc. Crim. Ev. (2d ed.) 81. Nor did the fact that the plaintiff had committed a violation of previous statutes prohibiting the sale of intoxicating liquors afford any just or legal reason for a belief by the defendant that he could obtain proof that he was again engaged in an illegal traffic.

It was suggested in behalf of the defendant that the questions objected to were admissible on cross-examination. But the answer to this is that they were put in order to elicit substantive proof in support of the defence, and not for the mere purpose of cross-examination. A party cannot, by putting questions to his adversary's witness, introduce new facts to sustain

his side of the case, which are not relevant to the substance of the issue. 1 Greenl. Ev. § 448.

3. The court also erred in admitting evidence that the defendant had reasonable cause to believe that the liquor in possession of the defendant's servant was being illegally transported by him. This was not the point in issue. The real question was whether he had proof, or could obtain it, which would amount to reasonable evidence of the commission of such offence. *Mason* v. *Lothrop*, 7 Gray, 354.

4. Finally, it was an error to hold that the defendant was not bound to procure a warrant for the seizure of the liquor This is a duty clearly imposed on him by *St.* 1855, *c.* 215, § 13. If it were not so, it would follow that an officer might make a seizure of property without adopting any legal means of enforcing the forfeiture provided by statute. This is contrary to elementary principles. An officer who seizes property by authority of law must show that he has done all that is required of him in order to complete and fulfil the duty imposed on him, by virtue of which he was authorized to act; otherwise, he becomes a trespasser *ab initio.* This principle is applicable alike to civil and criminal processes. *Tubbs* v. *Tukey*, 3 Cush. 438.

*Exceptions sustained.*